UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON PATRICK KITTLE,

    Plaintiff,                                         Case No. 2:11-cv-97

v.                                                HON. ROBERT HOLMES BELL

DR. HARRIET SQUIER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Prisoner Jon Patrick Kittle filed this lawsuit under 42 U.S.C. § 1983 against defendants Dr. Harriet Squier, Dr. Jeffrey Stieve, Dr. Padmaja Vemuri, Rae Ann Brand, and Dr. Timothy Stallman.  Plaintiff has also named several John or Jane Doe defendants.

Plaintiff claims that defendants violated his Eighth Amendment rights by denying him necessary surgery to correct a painful bunion problem and heel spur problem on his feet and by failing to provide him with proper shoes.  Plaintiff complains that although prescribed tennis shoes helped his heel spurs, the shoes did nothing for his bunion problem and over the counter pain medication no longer provide relief.  Plaintiff claims that he was examined on April 1, 2009, by Dr. Scuccimarri who informed plaintiff that he needed bunion surgery.  This was confirmed on plaintiff's visit to an orthopedic specialist.  However, on May 22, 2009, Dr. Vemuri informed plaintiff that his request for surgery was denied because it cost too much money.  Dr. Vemuri stated that they were not going to approve the surgery and there was nothing that he could do for plaintiff. Plaintiff believes that someone at Prison Health Services denied his surgery request.  Plaintiff does

not know the name of that person, and names instead defendant John or Jane Doe. After plaintiff continued to complain, he was prescribed pain medication. Plaintiff was transferred to Chippewa Correctional Facility in early 2010. On July 29, 2010, plaintiff mailed a letter to defendant MDOC Chief Medical Officer Jeffrey Stieve to obtain the name of the person who denied the surgery request. Plaintiff complains that Dr. Stieve is responsible for monitoring the contract with Health Care Services for medical care that is provided to prisoners. Dr. Stieve never responded to plaintiff's request and took no action to ensure that plaintiff was provided proper shoes until he could obtain surgery.

On October 6, 2010, plaintiff was examined by Dr. Stallman who informed plaintiff that surgery was necessary, and that he would make a surgery request. Plaintiff alleges that on October 8, 2010, Dr. Squier denied this second surgery request as not medically necessary. Dr. Stallman told plaintiff that he disagreed with that decision.

Plaintiff complains that on October 26, 2010, he was provided shoes that did not fit by nurse Patricia R. Lamb. Plaintiff alleges that he sent a letter to defendant John/Jane Doe of Prison Health Services demanding the name of the individual who denied his request for bunion surgery. John/Jane Doe never replied to plaintiff's letter.

On November 9, 2010, plaintiff met with defendant Rae Ann Brand and explained to her that she did not properly perform her job of obtaining the right shoes for plaintiff. Defendant Brand just rolled her eyes and walked away from plaintiff. Plaintiff states that defendant Brand advised plaintiff that she ordered proper obtuse bunion shoes for plaintiff and that she would check to see when they would arrive or re-order a new pair if necessary. Plaintiff stated that Dr. Stallman ordered plaintiff a shoe on November 10, 2010, and on November 13, 2010. Although initially approved, defendant John/Jane Doe overturned the approval and denied plaintiff a new shoe.

On January 19, 2011, Dr. Stallman prescribed plaintiff a different pain medication. Plaintiff complains that the medication does not reduce his pain. Plaintiff received the shoes previously ordered by defendant Brand, but they were simply standard state issue oxfords.

Defendants Stieve and Squier[1] move for Summary Judgment. Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of

---

[1] Defendant Squier also moves to dismiss. However, since the motion necessarily relies on matters outside the pleadings, only the summary judgment motion is being considered.

3

proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants Stieve and Squier claim that they are entitled to summary judgment because plaintiff failed to exhaust his available administrative remedies against them. Plaintiff's grievance stated:

> On 5/22/2009 I was seen by a Health Care staff member identified only as MP-4 on my itinerary. At this meeting I was informed that the necessary surgery to alleviate my foot pain due to severe bunions on both feet was being denied. This surgery was initiated by my previous MP, Dr. Peter Scuccimarri. In denying this surgery now Health Care is exhibiting a "deliberate indifference to my medical needs."

Plaintiff concedes that he did not name each defendant in his grievance, but argues that it would be unfair to expect him to specifically name each defendant and to know the names of each defendant.

4

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate

submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Plaintiff failed to name defendants Stieve and Squier in a grievance. In the opinion of the undersigned, defendants Stieve and Squier should be dismissed from this action without prejudice. *See Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 2009 WL 650248 (6th Cir. 2009) (copy attached).

For the foregoing reasons, I recommend that the motions for summary judgment filed by defendants Stieve and Squier (Docket #10 and #14) be granted and that defendants Stieve and Squier be dismissed from this action without prejudice for failure to exhaust grievance remedies.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2012