UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON PATRICK KITTLE,

        Plaintiff,                            Case No. 2:11-cv-97

v.                                            HON. ROBERT HOLMES BELL

DR. HARRIET SQUIER, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        Prisoner Jon Patrick Kittle filed this lawsuit under 42 U.S.C. § 1983 against defendants Dr. Harriet Squier, Dr. Jeffrey Stieve, Dr. Padmaja Vemuri, Rae Ann Brand, and Dr. Timothy Stallman.[1] Plaintiff's complaint alleges that Defendants violated his Eighth Amendment rights by denying him necessary surgery to correct a painful bunion problem and heel spur problem on his feet and by failing to provide him with proper shoes. Plaintiff complains that although prescribed tennis shoes helped his heel spurs, the shoes did nothing for his bunion problem and over the counter pain medication no longer provides relief. Plaintiff claims that he was examined on April 1, 2009, by Dr. Scuccimarri who informed plaintiff that he needed bunion surgery. This was confirmed on plaintiff's visit to an orthopedic specialist. However, on May 22, 2009, Dr. Vemuri informed plaintiff that his request for surgery was denied because it cost too much money. Dr. Vemuri stated that they were not going to approve the surgery and there was nothing that he could do for plaintiff. Plaintiff

---

[1] Plaintiff also named several John or Jane Doe defendants. However, because these individuals were never specifically identified or served, they are not properly parties to this action.

believes that someone at Prison Health Services denied his surgery request. Plaintiff does not know the name of that person, and names instead defendant John or Jane Doe. After plaintiff continued to complain, he was prescribed pain medication. Plaintiff was transferred to Chippewa Correctional Facility in early 2010. On July 29, 2010, plaintiff mailed a letter to defendant MDOC Chief Medical Officer Jeffrey Stieve to obtain the name of the person who denied the surgery request. Plaintiff complains that Dr. Stieve is responsible for monitoring the contract with Health Care Services for medical care that is provided to prisoners. Dr. Stieve never responded to plaintiff's request and took no action to ensure that plaintiff was provided proper shoes until he could obtain surgery.

On October 6, 2010, plaintiff was examined by Dr. Stallman who informed plaintiff that surgery was necessary, and that he would make a surgery request. Plaintiff alleges that on October 8, 2010, Dr. Squier denied this second surgery request as not medically necessary. Dr. Stallman told plaintiff that he disagreed with that decision.

Plaintiff complains that on October 26, 2010, he was provided shoes that did not fit by nurse Patricia R. Lamb. Plaintiff alleges that he sent a letter to defendant John/Jane Doe of Prison Health Services demanding the name of the individual who denied his request for bunion surgery. John/Jane Doe never replied to plaintiff's letter.

On November 9, 2010, plaintiff met with defendant Rae Ann Brand and explained to her that she did not properly perform her job of obtaining the right shoes for plaintiff. Defendant Brand just rolled her eyes and walked away from plaintiff. Plaintiff states that defendant Brand advised plaintiff that she ordered proper obtuse bunion shoes for plaintiff and that she would check to see when they would arrive or re-order a new pair if necessary. Plaintiff stated that Dr. Stallman ordered plaintiff a shoe on November 10, 2010, and on November 13, 2010. Although initially approved, defendant John/Jane Doe overturned the approval and denied plaintiff a new shoe.

On January 19, 2011, Dr. Stallman prescribed plaintiff a different pain medication. Plaintiff complains that the medication does not reduce his pain. Plaintiff received the shoes previously ordered by defendant Brand, but they were simply standard state issue oxfords. Plaintiff claims that Defendants violated his rights under the Eighth Amendment and seeks damages and equitable relief.

On March 20, 2012, the court dismissed Defendants Stieve and Squier from this action for failure to exhaust administrative remedies. Currently before the court is the Motion to Dismiss filed by Defendants Vemuri, Stallman, and Brand (docket #50). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

As noted above, Plaintiff claims that Defendants were deliberately indifferent to his medical complaints in violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more

4

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims

5

which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

In ordering service of Plaintiff's complaint on Defendants, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief. Upon this initial review, the Court concluded that the complaint was not subject to dismissal for any of the reasons listed above.

In Plaintiff's complaint, he alleges that Defendant Stallman examined Plaintiff on October 6, 2010, and recommended that Plaintiff receive surgery. Two days later, Defendant Squier denied Stallman's request for surgery. On October 26, Plaintiff tried two different shoes to help his bunions but they did not alleviate the pain. Plaintiff complains that he has never been prescribed orthopedic shoes for his bunions. On November 9, Plaintiff met with Defendant Brand about ordering an "obtuse" bunion shoe. Plaintiff did not receive those shoes until February 2011. In November 2010, Defendant Stallman also prescribed cross-trainer shoes for Plaintiff but Plaintiff never received those shoes.

On January 19, 2011, Defendant Stallman examined Plaintiff again and prescribed different pain pills. Plaintiff complains that those pain pills did not help with his pain. On February 2, 2011, Plaintiff received the "obtuse" bunion shoes that were ordered by Defendant Brand. Plaintiff complains that the shoes were non-medical, hard leather Oxfords. Plaintiff alleges that he could not even stand in the shoes because they were so painful. On February 4, Plaintiff met with

6

Defendant Brand and complained about the shoes. Defendant Brand put her hands to her eyes and pretended that she was crying. She told Plaintiff to wear them until they were broken in.

As noted above, Plaintiff states that Defendants failed to ensure that he received bunion surgery or that he received true "EEE" width or comparable orthopedic medical shoes. It appears from the complaint, that Plaintiff still has not been given proper shoes for his medical condition. Plaintiff alleges that he should be allowed to have the bunion surgery or orthopedic medical shoes for his bunions. On the face of Plaintiff's complaint, it appears that he was suffering from a serious medical condition and that Defendants failed to provide him with the treatment that had been prescribed by a physician. A motion for dismissal is only concerned with the allegations set forth in the complaint. Defendants assert that they are entitled to dismissal because bunions can never be considered a serious medical need. In support of this assertion, Defendants cite various district court opinion which stand for the proposition that, in the specific circumstances set forth in each case, the plaintiff's bunions did not constitute a serious medical condition. However, under the facts set forth by Plaintiff in his complaint, there appears to be an issue of fact regarding whether Plaintiff's medical condition was serious, as well as whether Defendants were deliberately indifferent to his need. Therefore, dismissal is not appropriate without further development of the record.

In light of the foregoing, the undersigned recommends that the motion for dismissal filed by Defendants Vemuri, Stallman, and Brand (docket #50) be denied.

In addition, should the court adopt the report and recommendation in this case, Defendants' motion to stay pretrial proceedings (docket #64) will be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                      /s/ Timothy P. Greeley
                                                      TIMOTHY P. GREELEY
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: August 22, 2012
Dated: August ___, 2012

                                                      TIMOTHY P. GREELEY
                                                     UNITED STATES MAGISTRATE JUDGE