UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON PATRICK KITTLE
#196905,

        Plaintiff,

                                       File No. 2:11-CV-97

v.

                                       HON. ROBERT HOLMES BELL

HARRIETT SQUIER, et al.,

        Defendants.
                              /

**O P I N I O N**

On March 20, 2012, the Court adopted the report and recommendation (R&R) prepared by Magistrate Judge Timothy P. Greeley. (Dkt. No. 80.) The Court granted summary judgment in favor of Defendants Squier and Stieve, and dismissed Plaintiff's complaint against these two defendants without prejudice for failure to exhaust administrative remedies. (*Id.*) In issuing this order, the Court indicated that Plaintiff had not timely filed objections to the R&R. This matter is now before the Court on Plaintiff's motion to strike the order approving and adopting the R&R because his objections were timely filed. (Dkt. No. 86.) For the reasons that follow, the Court will consider Plaintiff's objections, but will deny Plaintiff's motion as futile.

Plaintiff's objections were due on March 16, 2012. (Dkt. No. 79.) Having not received his objections, the Court's order was issued on March 20, 2012. (Dkt. No. 80.) On March 23, 2012, the Court received Plaintiff's objections. (Dkt. No. 81.) Attached to the

present motion is a Michigan Department of Corrections ("MDOC") legal mail form that indicates that Plaintiff submitted his objections to prison authorities for mailing on March 15, 2012. (Dkt. No. 86, Attach. 1.) Documents prepared by pro se prisoners are considered "filed" at the time of delivery to prison authorities for forwarding to the court clerk, rather than on the date of receipt by the clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). In light of the date written on the legal mail forms, the Court will accept Plaintiff's contention that he submitted his objections on March 15, 2012. Accordingly, the Court considers Plaintiff's objections timely.

Having determined that Plaintiff's objections should be considered timely, the Court has carefully considered Plaintiff's objections and reexamined the R&R adopted by the Court on March 20, 2012. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon such a review, none of the objections raised by Plaintiff have merit.

Plaintiff first objects that the Magistrate Judge failed to acknowledge his submitted pleadings and arguments. First, he points to a motion entitled "Motion to Hold in Abeyance." (Dkt. No. 45.) Contrary to Plaintiff's assertions, this motion was considered by the Magistrate Judge on November 3, 2011, and the Magistrate Judge properly denied it for lack of good cause shown. Second, Plaintiff points to his reply in regard to the aforementioned motion, the copy of the "First Set of Interrogatories" he filed with the Court, and his response to Defendant Stieve's motion to stay discovery. Plaintiff is correct that none of the arguments raised in these documents was discussed in the R&R. However, this was

2

not error.  The R&R recommended granting Defendants Squier and Stieve's motions for summary judgment because Plaintiff failed to name either in a grievance.  Pursuant to the applicable portion of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).  As the R&R correctly stated, MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  This policy directive provides an administrative grievance procedure.  As part of this procedure, "[d]ates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.  Because Plaintiff failed to comply with this requirement, by not naming either Squier or Stieve in a grievance, the Magistrate Judge was correct to recommend granting summary judgment and did not need to address Plaintiff's discovery arguments which were moot in light of the failure to exhaust administrative remedies.

Second, Plaintiff objects to the Magistrate Judge recommending summary judgment without allowing discovery to be conducted or allowing Plaintiff to amend his complaint.  In support, Plaintiff relies on *Curry v. Scott*, 249 F.3d 493, 502 (6th Cir. 2001).  *Curry* held that "[w]hile the preferred practice is for inmates to complete the grievance process prior to the filing of an action and to attach to their complaint documentation of that fact, 'because the exhaustion requirement is not jurisdictional, district courts have some discretion in

3

determining compliance with the statute.'" *Id.* (quoting *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999)). However, the examples given by *Curry* where it is appropriate for a court to be lenient about the exhaustion requirement are not applicable to Plaintiff. First, the Court recognized that "substantial compliance with the exhaustion requirements in the form of good faith efforts to contact prison personnel can be deemed sufficient 'exhaustion' under the PLRA, where the events giving rise to the claim occurred prior to passage of the Act." *Id.* Here, the events in question did not occur prior to the passage of the PLRA. Second, the Court found that "exhaustion of remedies prior to the filing of an amended complaint . . . could constitute exhaustion 'prior to filing a suit in federal court' within the meaning of § 1997e." *Id.* Plaintiff has not moved to amend his complaint, nor has he exhausted his administrative remedies since filing his complaint.

Thus, *Curry* is not applicable to Plaintiff. Moreover, allowing Plaintiff to conduct discovery and/or amend his complaint would not have resulted in a cure of Plaintiff's failure to exhaust his administrative remedies. Thus, despite Plaintiff's exhortation of "fairness," it was fair and correct for the Magistrate Judge to recommend summary judgment at this stage and to dismiss Defendants Squier and Stieve without prejudice.

Third, Plaintiff objects that he should not be required to have named Squier and Stieve in a grievance because he submitted written requests asking for the names of those he identified as "Jane/John Doe" in his complaint. Plaintiff's argument lacks merit. The issue is not his failure to name defendants in his complaint but his failure to name Stieve and

4

Squier in his administrative grievance. The grievance form Plaintiff filed refers only to a health care staff member identified as "MP-4." (Dkt. No. 11, Attach. 3.) While Plaintiff is correct that under some circumstances the Court will find that a grievance sufficiently puts a staff member on notice despite not naming them, such circumstances are not present here. Plaintiff did not identify Squier or Stieve by the initials of their position, assert that his grievance was against the entire department, ask for the names of medical staff members in a manner indicating he was referring to Squier or Stieve, or make factual allegations that referred to Squier or Stieve. *See Contor v. Caruso*, 2008 WL 878655, at *3 (W.D. Mich., Mar. 28, 2008); *Jackson v. Hornick*, 2006 WL 1766839, at *2 (W.D. Mich., June 21, 2006); *Austin v. Correction Medical Services, Inc.*, 2008 WL 4426342, at *5 (W.D. Mich., Sept. 26, 2008).

The Step I grievance form only refers to the "MP-4" who, on May 22, 2009, informed him that surgery to alleviate his foot pain was being denied. (*Id.*) "MP-4" could not possibly have referred to Stieve or Squier. First, Plaintiff's complaint alleges that it was Padmaja Vemuri whom he saw on May 22, 2009, and who told him the surgery was being denied. (Dkt. No. 1, ¶ 15.) The statement of facts in the complaint before this Court alleges that Plaintiff's first contact with Stieve was a July 29, 2010, letter, more than one year later, and after Plaintiff had gone through Step III of the grievance process. (*Id.* at ¶ 23.) Similarly, Plaintiff's first contact with Squier was on October 8, 2010. (*Id.* at ¶ 29.) Consequently, none of the facts alleged in the grievance could have referred to either Squier or Stieve, and

5

neither was put on notice by the grievance. Consequently, the Magistrate Judge was correct to dismiss Squier and Stieve on account of Plaintiff's failure to exhaust his administrative remedies.

The Court will consider Plaintiff's objections to be timely filed. However, because all of Plaintiff's objections lack merit, the Court will deny the motion to strike the order approving and adopting the R&R as futile.

An order consistent with this opinion will be entered.


Dated: November 9, 2012               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE