UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON KITTLE,

       Plaintiff,                                     Case No. 2:11-cv-97

v.                                                         HON. ROBERT HOLMES BELL

HARRIET SQUIER, et al.,

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged violations of Plaintiff's Eighth Amendment rights. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* "[I]ssues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006).

Plaintiff's objections are perfunctory, and are thus deemed waived. However, even if they were not waived, Plaintiff's objections lack merit. Plaintiff first states that the medical records to which the Magistrate Judge refers "are in fact NOT the records of Plaintiff, per se, but rather the records that the Defendants keep and are in sole possession of." (Pl.'s Obj., Dkt. No. 142 at 1; R&R, Dkt. No. 138 at 6.) This objection lacks merit on its face, and is overruled.

Plaintiff next objects to the Magistrate Judge using the word "recommended" in reference to Plaintiff's proposed bunionectomy, when the exact phrase used by the outside podiatrist was "surgery is warranted." (Pl.'s Obj., Dkt. No. 142 at 2; R&R, Dkt. No. 138 at 6.) Such wording is a distinction without a difference. The change in wording does not impact the Magistrate Judge's analysis of Defendants' subsequent actions regarding the outside podiatrist's opinion that Plaintiff should have surgery on his bunions. (R&R, Dkt. No. 138 at 6.) Plaintiff's objection is therefore overruled.

Plaintiff also argues that, contrary to the R&R, his sole contention has not been his disagreement with the treatment he has been given. (Pl.'s Obj., Dkt. No. 142 at 2.) Rather, "the real issue here is the disagreement of the Defendants with the warranted surgery of their own professional and qualified podiatrist." (*Id.*) However, as the R&R correctly stated, such disagreement is insufficient to sustain an Eighth Amendment claim. (R&R, Dkt. No. 138 at 10.)

The remainder of Plaintiff's objections are similar "corrections" to statements of the R&R that do not point out "issues that are dispositive and contentious," *Miller*, 50 F.3d at 380, or general observations about Defendants' treatment of Plaintiff's condition. Such general objections do not

satisfy the requirements of an objection. *Id.*

Finally, Plaintiff expresses fear that Defendants will retaliate against him if his case is dismissed by taking away the treatment they are giving him and therefore requests an order for specific treatments to be given. Such an order would constitute the type of federal judicial supervision of state prisons systems against which the Supreme Court has warned time and again. *See generally Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 101 (1976).

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed in forma pauperis, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 142) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (Dkt. No. 138) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 119) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (Dkt. No. 128), to Strike (Dkt. No. 129), and for a Preliminary/Permanent Injunction (Dkt. No. 133), are **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** that an appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).


Dated:  February 19, 2014                               /s/ Robert Holmes Bell
                                                                               ROBERT HOLMES BELL
                                                                               UNITED STATES DISTRICT JUDGE